[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
DATE OF SENTENCE MAY 25, 2001 DATE OF APPLICATION JUNE 8, 2001 DATE OF APPLICATION FILED JUNE 12, 2001 DATE OF DECISION DECEMBER 10, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Britain, G.A. 15, Docket Number CR99-184816
Mary Rose Palmese, Esq. For the State of Connecticut
George Lawler, Esq. For the Petitioner
SENTENCE AFFIRMED
 BY THE DIVISION
The petitioner, Pierre Stewart, was found guilty, after a jury trial, of the crime of a sale of a narcotic substance by non-drug dependent person, in violation of § 21A-278(b)). The sentencing court imposed a sentence of eight years execution suspended after serving the mandatory non-suspendable minimum five years and three years probation. It is the sentence the petitioner seeks to have reviewed.
On August 27, 1999, the Berlin Police, set up surveillance at a Berlin, Connecticut Motel based upon reports that Pierre Stewart may be involved in illegal drug activities. Plain clothes police officers approached the petitioner as he was using the pay phone and they engaged in conversation with him. The plain clothes police officers claim that the petitioner inquired as to what they were looking for and told them he had some percocet he could sell them. The officer agreed to buy the pills. The officer obtained four white pills from the petitioner in exchange for cash. The four white pills were identified at trial as being a generic brand of percocet. The petitioner testified at trial. The jury CT Page 15334-if returned a verdict of guilty on February 27, 2001.
Counsel for the petitioner urged the Division to consider that the petitioner was not a major drug dealer. The percocets the petitioner was convicted of selling were, in fact, prescribed to the petitioner. The petitioner was an armed forces veteran.
The Counsel for the State urged the Division to affirm the sentence and noted the five years to serve was mandatory nonsuspendable. Further, the petitioner addressed the Division and indicated that he was at all times drug addicted and five years was too much time for four pills.
The record reveals that the Trial Court prior to imposing sentence stated "the court was of the belief that you fully understood what it was you were doing, and the objective was monetary gain".
The Trial Court was without discretion in sentencing the petitioner to a mandatory non-suspendable minimum five year term of incarceration, based on the conviction by the jury of a non-drug dependent portion of the statute.
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., Connecticut General Statute § 51-194 et seq.
In reviewing the sentence pursuant to § 43-28 of the Practice Book. The Division cannot conclude it was either inappropriate or disproportionate.
The sentence is AFFIRMED.
 ___________________, J. HOLDEN
 ___________________, J. MIANO
 ___________________, J. FORD
Miano, J., Ford, J. and Holden, J. participated in this decision. CT Page 15334-ig